## JOSEPH LANDIS & CO. v. A. W. WALKER.

A party who has sold all of his property in the parish where he resided, and removed from there permanently, may be sued in the parish to which he has removed, and it will be considered his domicil, even though he has made no permanent establishment there. ·

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*Benjamin, Bradford & Finney*, for plaintiffs.   *Hunton & Miller* and *A. W. Walker in pro. per.*, for defendant and appellant.

DUFFEL, J.   The plaintiffs claim from the defendant $2,663 23, with interest. The action was resisted on a plea to the jurisdiction of the court, the defendant claiming his domicil in the parish of St. Charles; and this plea having been overruled, the defendant pleaded the general issue, and set up a claim in reconvention and compensation for a larger amount, asking judgment for the excess in his favor.   The reconventional demand is based on the allegation, that plaintiffs undertook in 1854 to dispose of a portion of the crop of molasses of the defendant, which they directed to be shipped to the commercial firm of *Taylor & Brother* in Cincinnati, who were required to sell the same; that accordingly, various shipments were made, and that the defendant instructed the plaintiffs and the house of *Taylor & Brother*, to dispose of the molasses promptly, but that they disregarded his injunction, kept his molasses from market, and at last sold it at a sacrifice; and that by reason of said acts, and by their negligence, over-charges, leakage, &c., &c., he sustained the loss now offered in compensation.   The District Court gave judgment in favor of the plaintiffs for the amount claimed, and rejected the reconventional demand, from which judgment the defendant appealed.

And first, as to the question of commorancy : it appears from the evidence, that the plaintiffs, in June 1856, brought suit for the same cause of action in the Fourth District Court of New Orleans, which, on the 7th of February, 1857, they discontinued in consequence of a similar exception.   The suit was renewed in the parish of St. Charles, but service of petition and citation could not be made by the Sheriff, because the defendant, before the filing of the petition, had sold all his property in the parish of St. Charles, and had left the parish permanently; this sale was made on the 18th of April, 1857.   The present suit was again, on the 27th of May, 1857, filed in the said Fourth District Court, and the defendant, on the 28th of September of the same year, purchased a plantation in the parish of St. Bernard, where he has since resided.   The evidence clearly shows, that for cause of sickness, the defendant's wife moved to New Orleans, taking her children with her, some time before the sale of the 18th of April, 1857, and resided in a house of a relation ; that the wife died subsequently to the sale, in said house ; that from the 18th of April, 1857, to the 28th of September following, the defendant made said house his home, and had no other known home.

LANDIS
v.
WALKER.

During the whole of that time, and in fact, during the preceding four or five years, he kept an office in St. Charles Street. The service of the petition and citation was, on the 27th day of May, 1857, made personally on the defendant. The exception, under this state of facts, was properly overruled. *Rippey* v. *Dromgoole*, 8 Martin, 709.

The plea of compensation, or offset, being a virtual admission of the correctness of the plaintiff's claim, we will now examine the evidence adduced in support of that branch of the case.

The evidence shows that the plaintiffs were employed by *Taylor & Brother* simply to procure consignments, for which they were paid a return commission of one-third; that the plaintiffs made to defendant occasional advances on his consignments of molasses; that all the shipments were made by the defendant to *Taylor & Brother*, between whom there existed a regular correspondence. We find nothing in the evidence to sustain the averments contained in the reconventional demand, or to fix, in any manner, the liability of the plaintiffs, or tending to show that they acted as agents or factors of the defendant as charged.

The appellees ask in their answer the confirmation of the judgment with ten per cent. damages. We do not think that this is a case where damages should be allowed.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs in both courts.

LAND, J., absent.